In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware: John J. SULLIVAN, Jr.

No. 397, 1998.

Supreme Court of Delaware.

Submitted: March 25, 1999.
Decided: April 1, 1999.

Bruce A. Rogers, Rogers & Mooney, P.A., Georgetown, Delaware for John J. Sullivan, Jr., respondent.

Andrea L. Rocanelli, Office of Disciplinary Counsel, Wilmington, Delaware.

Before WALSH, HOLLAND and HARTNETT, Justices.

PER CURIAM:

This matter is before the Court for disciplinary action upon review of the March 12, 1999 Final Report of the Board on Professional Responsibility ("the Board"). There were no disputes as to the facts or the viola-tions of the Delaware Lawyer's Rules of Professional Conduct ("DLRPC"). The Respondent, John J. Sullivan, Jr. ("Sullivan") and the Office of Disciplinary Counsel ("ODC") entered into the following "Pre-Hearing Stipulations:"

I

### PRE–HEARING STIPULATION

Sullivan was admitted to the Bar of the Supreme Court of the State of Delaware in December 1984. From October 1992 until March 17, 1997, Sullivan was employed as an associate attorney at the firm of Schmitting-er & Rodriguez. The conduct at issue in these disciplinary cases occurred during Sul-livan's tenure at Schmittinger & Rodriguez or shortly thereafter.

### Board Case No. 70, 1997
### (Margaret L. Yogl)

#### Agreed Facts

1. Margaret L. Vogl retained Sullivan in October 1993 to represent her in an employment discrimination matter against PNC Bank ("PNC"). Sullivan failed to file an employment discrimination action on Vogl's behalf.

2. Between 1994 and 1997, Sullivan false-ly stated to Vogl and/or her father, Robert Lower, that he had filed an employment dis-crimination action on her behalf.

3. By letter to Vogl dated February 24, 1997, Sullivan falsely states as follows:

... As you may recall, an action alleging discrimination by PNC is pending. A mo-tion was filed quite some time ago by PNC seeking to dismiss your claim. The first basis for their argument is that even if all of your allegations are found to be true they do not support a claim. The second basis for their argument is that your claim is time barred. At this time, we are await-ing the judge's decision on the motion. I cannot give you an exact date on which you can expect a decision. I have told your father on several occasions to expect a decision, but, each time I am disappointed. I will advise you as soon as I receive the Court's decision. ...

4. In a telephone conversation held on or about February 25, 1997, Sullivan falsely stated to John J. Schmittinger, Esquire ("Schmittinger"), his supervising attorney at Schmittinger & Rodriguez, that he had filed a suit on Vogl's behalf in the United States District Court for the District of Delaware under the Americans with Disabilities Act ("ADA").

5. By letter to Vogl dated March 18, 1997, Sullivan falsely stated:

I am writing to inform you that there has been a decision in your case. Unfortunately, the Court has dismissed your claim. Based upon the record, I do not recommend an appeal. As a result, I am going to close your file.

6. By letter to Schmittinger dated April 22, 1997, Sullivan falsely stated that he had instructed Vogl to file a complaint with the Equal Employment Opportunity Commission ("EEOC") but that she failed to comply with his instruction. Sullivan never instructed Vogl to file an EEOC complaint.

### Agreed Violations

1. Rule 8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Sullivan violated Rule 8.4(c) by falsely stating to Vogl and her father on several occasions prior to February 1997 that he had filed a discrimination action on her behalf.

2. Sullivan violated Rule 8.4(c) by falsely stating, in his letter to Vogl dated February 24, 1997, that PNC had filed a motion seeking to dismiss an action that he had never filed.

3. Sullivan violated Rule 8.4(c) by falsely stating to Schmittinger on or about February 25, 1997 that he had filed an employment discrimination complaint on Vogl's behalf.

4. Sullivan violated Rule 8.4(c) by falsely stating to Vogl in a letter dated March 18, 1997 that the court had dismissed an action that he had never filed.

5. Sullivan violated Rule 8.4(c) by falsely stating to Schmittinger in a letter dated April 22, 1997 that Vogl had failed to comply with his instruction that she file an EEOC complaint.

### Board Case No. 71, 1997 (Sarah Stanley)

#### Agreed Facts

1. In early 1994, Sullivan represented Sarah Stanley in a worker's compensation case before the Industrial Accident Board ("IAB"). After the IAB denied Stanley's claim, Sullivan filed an appeal in the Superior Court.

2. The court sent Sullivan a briefing schedule, a revised briefing schedule, and, later, final notice that his opening brief was delinquent. Despite these notices, Sullivan failed to file the opening brief. By order dated May 23, 1994, the Superior Court dismissed the appeal for failure to file an opening brief.

#### Agreed Violations

1. Rule 1.1 states that a lawyer shall provide competent representation, which requires, among other things, the "thoroughness and preparation reasonably necessary for the representation." Sullivan violated Rule 1.1 by failing to file an opening brief on behalf of Stanley in the Superior Court, resulting in the dismissal of Stanley's appeal.

2. Rule 1.3 states that a lawyer "shall act with reasonable diligence and promptness in representing a client." Sullivan violated this Rule by failing to file an opening brief in the Superior Court, resulting in the dismissal of Stanley's appeal.

### Board Case No. 66, 997 (Similar Misconduct in Seven Cases)

#### Agreed Facts

1. On September 2, 1997, Sullivan reported to the ODC conduct in six cases that resulted in his resignation from Schmittinger & Rodriguez on March 17, 1997. He also reported conduct in a seventh case that resulted in the filing of a malpractice suit against him.

2. In July 1995, Sullivan filed an appeal on behalf of a client named Pat Adams. The case was captioned *Pat Adams v. Mountaire of Delmarva*, Del.Super., C.A. No. 95A–07–

001. The court sent to Sullivan a briefing schedule, and then a delinquent brief notice. Sullivan failed to file an opening brief or request an extension of time to file. The Superior Court dismissed the *Adams* case on or about November 7, 1995.

3. The appeal in the *Adams* case had asked the court to review the factual findings of the IAB against the client.

4. By memorandum dated March 6, 1996, Schmittinger directed Sullivan to inform Adams that the appeal in her case had been dismissed. By letter to Adams dated November 7, 1996, over a year after the dismissal of her case, Sullivan stated:

> This is to update you on the status of your case. At the present time there are no claims pending in your case. If your medical condition changes or if you receive any additional bills please contact me so that I can determine if any additional claims need to be pursued at this time. Please contact me if you have any questions about your case.

5. In August 1995, Sullivan filed an appeal on behalf of a client named Rene Arriaga. The case was captioned *Rene Arriaga v. D.W. Burt Construction Co.,* Del.Super., C.A. No. 95A–08–001. Prior to dismissing the appeal, the court sent to Sullivan a briefing schedule, and then a delinquent brief notice. Sullivan failed to file an opening brief or request an extension for time to file. The Superior Court dismissed the case on January 18, 1996.

6. In late 1995, Sullivan filed an appeal on behalf of a client named George Stevenson. The case was captioned *George Stevenson v. Allen Family Foods,* Del.Super., C.A. No. 95A–11–003. The court sent to Sullivan a briefing schedule, and then a delinquent brief notice. Sullivan failed to file an opening brief or request an extension of time to file. The Superior Court dismissed the *Stevenson* case on February 14, 1996.

7. The Superior Court in Kent County also dismissed two other appeals filed by Sullivan for failure to file an opening brief. The cases were captioned *Kenneth Jones v. Wade Insulation,* Del.Super., C.A. No. 95A–07–003 (dismissed on December 5, 1995) and *Edward Woodie v. Montgomery Tank Lines,* Del.Super., C.A. No. 95A–07–002 (dismissed on December 6, 1995). When the dismissals came to the attention of Schmittinger, Respondent filed motions seeking to reopen both cases. The court reopened both cases in 1996.

8. In early 1997, Schmittinger learned that the Superior Court had dismissed another appeal filed by Sullivan, in a case captioned *William Kelley v. ILC of Dover, Inc.,* for failure to file an opening brief. This discovery led to Sullivan's resignation from Schmittinger & Rodriguez.

9. On September 2, 1997, Sullivan reported to the ODC that a malpractice action had been filed against him arising out of his representation of Robert N. Smith in an employment action in the U.S. District Court for the District of Delaware, captioned *Robert Smith v. ICI Americas Inc.,* C. a. No. 92–308–JLL (filed May 28, 1992).

10. In the *Smith* case, Sullivan failed to secure service of the summons and the complaint within 120 days of the filing of the complaint and failed to request enlargement of time to service process prior to the expiration of the 120–day period. These errors resulted in the dismissal of his original complaint.

### Agreed Violations

1. Rule 1.1 states that a lawyer shall provide competent representation, which requires, among other things, the "thoroughness and preparation reasonably necessary for the representation." Sullivan violated Rule 1.1 on six occasions by failing to file an opening brief in the Superior Court, resulting in the dismissal of six appeals.

2. Rule 1.3 states that a lawyer "shall act with reasonable diligence and promptness in representing a client." Sullivan violated Rule 1.3 on six occasions by failing to file an opening brief in the Superior Court, resulting in the dismissal of six appeals.

3. Rule 1.4(a) states that "a lawyer shall keep a client reasonably informed about the status of a matter...." Sullivan violated Rule 1.4(a) by failing to keep Adams reasonably informed about the status of her case.

4. Rule 1.4(b) states that a lawyer "shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Sullivan violated Rule 1.4(b) in the *Adams* matter by failing to explain to Adams the reason why, as of November 1996, there were "no claims pending in [her] case."

### Board Case No. 69, 1997
### (Joyce O. Coursey)

#### Agreed Facts

1. Joyce O. Coursey retained Sullivan on or about May 9, 1995 to represent her in an administrative appeal of a denial of Supplemental Security Income ("SSI") benefits.

2. Sullivan told Coursey that he would appeal the denial of SSI benefits.

3. Between October 1995 and January 1997, Coursey and/or her son, Carlton Holmes, called Sullivan on at least six occasions to inquire about the status of the case. Sullivan told Coursey and/or Holmes that he was waiting to hear from the appeals board. Sullivan assured Coursey and/or Holmes not to worry about it and that it was "going along fine."

4. On March 17, 1997, Sullivan submitted his resignation from the firm of Schmittinger & Rodriguez. Because he understood the firm would do so, Sullivan did not communicate with Coursey or her son regarding his departure from the firm or the status of her case.

#### Agreed Violations

1. Rule 1.3 states that a lawyer "shall act with reasonable diligence and promptness in representing a client." Sullivan violated Rule 1.3 by failing to demonstrate reasonable diligence and promptness in representing Coursey in her attempt to appeal the denial of Social Security benefits.

2. Rule 1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter...." Sullivan violated Rule 1.4(a) by failing to keep Coursey reasonably informed about the status of her matter.

3. Rule 1.4(b) states that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Sullivan violated Rule 1.4(b) by failing to explain to Coursey the facts necessary for her to make informed decisions regarding his representation.

### Board Case No. 126, 1997 (J. Christopher Farlow)

#### Agreed Facts

1. In December 1994, Sullivan agreed to represent J. Christopher Farlow in an effort to obtain Social Security benefits, both supplemental income and disability payments.

2. On or about July 21, 1995, the SSA gave Farlow notice that it had disapproved his claim for Social Security disability benefits. By letter dated August 7, 1995, Sullivan sent Farlow forms to complete in order to file a request for reconsideration of the denial of Social Security disability. Farlow promptly signed the forms and returned them to Sullivan.

3. Farlow called Sullivan three or four times from August 1995 until October 1996 to inquire about the status of the request for reconsideration. Sullivan told him that he was waiting to hear.

4. Shortly prior to October 1996, Farlow called the office of U.S. Senator William Roth to ask about the status of the request for reconsideration. He was told that no such request for reconsideration had been filed on his behalf with the SSA.

#### Agreed Violation

1. Rule 1.3 states that a lawyer "shall act with reasonable diligence and promptness in representing a client." Sullivan violated Rule 1.3 by failing to file an appeal of the denial of Farlow's application for Social Security disability payments.

## II

### BOARD HEARING AND RECOMMENDATION

The Board held a hearing on January 27, 1999. It was conducted solely to decide the issue of sanctions. The Board's Final Report

to this Court recommended that Sullivan be suspended for a period of eighteen months, effective September 1, 1998. Neither Sullivan nor the Office of Disciplinary Counsel have filed any objections to the Board's Final Report.

## III

### *SUSPENSION RECOMMENDATION APPROVED BY COURT*

The Court has reviewed the matter pursuant to Rule 9(e) of the Rules of the Board on Professional Responsibility. The Board's Report is approved in Board Case Nos. 66, 69, 70, 71 and 126, 1997. Accordingly, it is adjudged and ordered that Sullivan be disciplined as follows:

(1) Sullivan shall be prohibited and suspended from engaging in the practice of law as a member of the Delaware Bar for a period of eighteen months commencing September 1, 1998, when Sullivan voluntarily ceased practicing law.

(2) During the suspension period, Sullivan shall conduct no act directly or indirectly constituting the practice of law, including the sharing or receipt of any legal fees.

(3) Sullivan shall comply with the provisions of Rules 22 and 23 of the Rules of the Board on Professional Responsibility.

(4) Sullivan shall make arrangements with another member or members of the Delaware Bar to protect the interests of his clients during the period of suspension, and shall submit to the Court on or before May 1, 1999, a certificate of compliance with this paragraph, co-signed by the attorney or attorneys who have undertaken such assignment.

(5) This Court will consider the Board's other recommendations in the event Sullivan petitions for reinstatement.

(6) This Order is to be disseminated by Disciplinary Counsel in accordance with Rule 14 of the Rules of the Board on Professional Responsibility.